```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| JOHN LOAR and MONICA LOAR, | ) Case No. 12-0430-SC |
| Plaintiffs, | ) ORDER GRANTING MOTION TO |
| | ) REMAND AND DENYING ALL |
| v. | ) OTHER PENDING MOTIONS |
| WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A., | ) |
| Defendants. | ) |

## I. INTRODUCTION

This case stems from the pending, but unscheduled, foreclosure sale of the Danville residence of Plaintiffs John and Monica Loar (collectively, "Plaintiffs"). Plaintiffs originally filed this action in the Superior Court of the State of California, in and for the County of Contra Costa ("Superior Court"). ECF No. 1 ("NOR") Ex. A ("Compl."). Soon after, Defendants Wells Fargo & Company ("Wells & Co.") and Wells Fargo Bank, N.A. ("Wells N.A.") (collectively, "Defendants") removed to this Court. NOR at 1. Plaintiffs have since filed an Amended Complaint. ECF No. 16 ("Am. Compl.").

A flurry of motions followed. Defendants move to dismiss the Amended Complaint, and to strike certain claims and allegations

within it. ECF No. 20 ("MDS"). Plaintiffs move to remand this case back to Superior Court. ECF No. 17 ("MTR").[1] They supplement their Motion to Remand with a Request for Judicial Notice of a webpage purporting to show the California citizenship of Wells & Co. ECF No. 17-2. Plaintiffs also seek to recoup the attorney fees they have incurred challenging removal. Mot. to Remand at 9. Additionally, Plaintiffs move for a preliminary injunction staying further foreclosure proceedings until after trial. ECF No. 15. Finally, Plaintiffs, who failed to oppose Defendants' Motions to Dismiss and Strike the Amended Complaint, seek permission for late filing of an opposition brief. ECF No. 26. Alternatively, they ask the Court to defer ruling on the Motion to Dismiss until after the Court decides the Motion to Remand. Id. at 2.

As detailed below, the Court GRANTS Plaintiffs' Motion to Remand. The Court DENIES Plaintiffs' request for attorney fees connected to the Motion to Remand. Because no foreclosure sale is currently scheduled, the Court DENIES Plaintiffs' Motion for a Preliminary Injunction enjoining the sale. All other pending Motions are DENIED as moot.

**II. DISCUSSION**

If a federal court would have had diversity jurisdiction over a civil action, but the plaintiff chooses to sue in state court instead, defendants may remove the case to federal court. See 28 U.S.C. § 1441(a). In addition to the procedural requirements of removal, the usual requirements of diversity jurisdiction must be

---

[1] The Motion to Remand is fully briefed. ECF Nos. 19 ("Opp'n"), 23 ("Reply").

2

satisfied, i.e., complete diversity between the parties and an amount in controversy which exceeds $75,000. See id. § 1441(b) (citing id. § 1332(a)). Defendants may remove without seeking leave from any court or from plaintiffs. See id. § 1441(a). Plaintiffs seeking to test the propriety of removal must file a motion in federal court, asking that the case be remanded to the state court where plaintiffs originally sued. See Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). The removal statute is strictly construed, with any doubts resolved in favor of remand. Id. (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Defendants bear the burden of establishing that removal was proper. Id. This focus on the propriety of a defendant's decision to remove means that district courts decide motions to remand by looking only at the original state court complaint, not any subsequent amendments. See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).

Here, Plaintiffs do not dispute that the amount-in-controversy requirement is satisfied. Instead, they argue that complete diversity is lacking. Because Plaintiffs are California citizens, complete diversity exists only if no "properly joined and served" defendant is also a California citizen. See 28 U.S.C. § 1441(b)(2). Plaintiffs argue that, whatever the citizenship of Wells N.A., Wells & Co. is a California citizen whose presence in the case prevents Defendants from satisfying the requirement of complete diversity.[2] MTR at 1, 6.

---

[2] Plaintiffs also argue that Wells N.A., too, is a California citizen -- not, as Defendants say, a South Dakota citizen. MTR at 6-7. Alternatively, Plaintiffs urge the Court to abstain from

3

1    As Plaintiffs point out, the Notice of Removal conflates the two Defendants. NOR at 1. The Notice of Removal then describes this grouping as a South Dakota citizen. Id. In doing so, Defendants cite cases that address only the citizenship of Wells N.A., not Wells & Co. See Ngoc Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022 (N.D. Cal. 2010) (Wells N.A. named as defendant, but not Wells & Co.); DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119 (N.D. Cal. 2010) (same). Plaintiffs challenge Defendants on this very point. MTR at 1, 6. But Defendants entirely fail to respond to the argument, or even acknowledge that it has been made. See generally Opp'n.

   Resolving all doubts in favor of remand, the Court takes Defendants' silence as a concession. Defendants might have argued, for instance, that Wells & Co. has not been "properly joined," as required by 28 U.S.C. § 1441(b)(2). Or they might have argued that the line between Wells & Co. and Wells N.A. is a distinction without a difference. They do neither.[3] Instead, they discuss at length how this circuit's district courts have split over the question of whether Wachovia Bank v. Schmidt, 546 U.S. 30 (2006), abrogated a Ninth Circuit case upon which Plaintiffs rely, American Surety Co. v. Bank of California, 133 F.2d 160 (9th Cir. 1943). MTR Opp'n at 3 (citing cases); see also Flores v. Wells Fargo Bank, N.A., 3:11-CV-06619, 2012 WL 832546 (N.D. Cal. Mar. 12, 2012) (describing split). But, as in the Notice of Removal, the cases

---

exercising its removal jurisdiction, citing Quackenbush v. Allstate Insurance Co., 517 U.S. 706 (1996). Because the Court disposes of the Motion on other grounds, it does not reach these arguments.

[3] The Court expresses no view on the merits of those arguments, and mentions them only to illustrate why Defendants' failure to raise any counterargument at all amounts to a concession.

4

cited in the opposition brief address only the citizenship of Wells N.A., not Wells & Co.  See Moreno v. Wells Fargo, C-11-05189 EDL, 2011 WL 6372637 (N.D. Cal. Dec. 20, 2011) (Wells N.A. named as defendant, but not Wells & Co.); Tse v. Wells Fargo Bank, N.A., C10-4441 TEH, 2011 WL 175520 (N.D. Cal. Jan. 19, 2011) (same); Atienza v. Wells Fargo Bank, N.A., C 10-03457 RS, 2011 WL 11507 (N.D. Cal. Jan. 4, 2011) (same).  The Court finds these cases to be nonresponsive to Plaintiffs' argument that Wells & Co.'s presence in the action makes removal improper.

Defendants also cite to Magistrate Judge Corley's well-reasoned opinion in Flores.  MTR Opp'n at 2.  But that case, too, does nothing to help them.  Flores persuasively sets forth the reasons why Northern District courts have recognized the abrogation of American Surety by Schmidt, but it does not speak to the premise of Plaintiffs' challenge: that Wells & Co. is a distinct legal entity from Wells N.A., with its own distinct citizenship.

The Court is required to resolve any doubts in favor of remand.  Gaus, 980 F.2d at 566.  And it is Defendants, not Plaintiffs, who bear the burden of showing that removal was proper.  See id.  Defendants have not carried their burden.  Accordingly, the Court GRANTS Plaintiffs' Motion to Remand and REMANDS this case to Superior Court.[4]

---

[4] Though the Court does not rely on it in reaching its decision to remand this case, the Court agrees with Plaintiffs' observation that the policy consideration which normally justifies the exercise of removal jurisdiction based on diversity -- protection of an out-of-state defendant from "hometown favoritism" -- is not present here.  Reply at 4-5.  "Wells Fargo is an iconic California institution."  Leyva v. Wells Fargo Bank N.A., CV 12-00708 DMG (SHx), 2012 U.S. Dist. LEXIS 30892, at *6 (C.D. Cal. Mar. 7, 2012).

1    The Court DENIES Plaintiffs' request for attorney fees
2 pursuant to 28 U.S.C. § 1447(c).  That code section provides only
3 that a district court "may" award costs and fees incurred as a
4 result of removal.  Plaintiffs characterize the issue presented
5 here as one on which reasonable minds could not "conceivably"
6 disagree, but that overstates the matter.  Given the split of
7 authority regarding Wells N.A., Defendants could reasonably have
8 concluded that they had proper grounds to remove.  The Court
9 accordingly declines to award costs and fees here.

10   The Court also DENIES Plaintiffs' Motion for a Preliminary
11 Injunction.  To be entitled to injunctive relief, Plaintiffs must
12 show that they face a threat of irreparable harm that is "real or
13 immediate."  <u>Midgett v. Tri-County Metro. Transp. Dist. of Oregon</u>,
14 254 F.3d 846, 850 (9th Cir. 2001) (citing <u>Hodgers-Durgin v. De La
15 Vina</u>, 199 F.3d 1037, 1042 (9th Cir. 1999)).  Even assuming that
16 Plaintiffs could satisfy this imminence requirement, despite there
17 being no scheduled date for the foreclosure sale, this Court
18 perceives no reason why Plaintiffs could not seek a temporary
19 restraining order from the state court if the need arose.

20

21 **III. CONCLUSION**

22   For the foregoing reasons, the Court GRANTS Plaintiffs' Motion
23 to Remand and REMANDS this case to the Superior Court of the State
24 of California in and for the County of Contra Costa.  The Court
25 DENIES Plaintiffs' request for attorney fees connected to the
26 Motion to Remand.  Further, because no foreclosure sale is
27 currently scheduled, the Court DENIES Plaintiffs' Motion for a
28 Preliminary Injunction enjoining the sale.  All other pending

motions, as well as the Request for Judicial Notice, are DENIED as moot.

Pursuant to 28 U.S.C. § 1447(c), the Clerk of this Court shall mail a certified copy of this Order to the clerk of the Superior Court of the State of California in and for the County of Contra Costa.

IT IS SO ORDERED.

Dated: June 12, 2012



UNITED STATES DISTRICT JUDGE